Stephen M. Doniger (SBN 179314)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLS KILL, INC., a California corporation, | Case No.: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| ERIKA DOE d/b/a IMMORTALTHREDZ, and DOES 2-10, | **JURY TRIAL DEMANDED** |
| Defendants. | |

1    Plaintiff, DOLLS KILL, INC. ("Dolls Kill" or "Plaintiff"), by and through its

2  undersigned attorneys, complains and alleges against Defendants as follows:

3                        **JURISDICTION AND VENUE**

4    1.    This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101,

5  et seq.

6    2.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and

7  1338 (a) and (b).

8    3.    The Court has personal jurisdiction over Defendants and each of them

9  because Defendants have purposefully directed their unlawful conduct to this judicial

10  district and have conducted substantial business in this judicial district.

11    4.    Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a

12  substantial part of the acts and omissions giving rise to the claims occurred here.

13  Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P.

14  4(k)(2).

15                                **PARTIES**

16    5.    Plaintiff is a corporation organized and existing under the laws of the State

17  of California with its principal place of business in California.

18    6.    Upon information and belief, Defendant ERIKA DOE d/b/a

19  IMMORTALTHREDZ ("DOE 1") is an individual residing at 2073 West Trestle

20  Drive, Meridian, Idaho 83646 is doing business with the State of California. The true

21  name of DOE 1 is presently unknown to Plaintiff, which therefore sues said

22  Defendant by such fictitious name, and will seek leave to amend this Complaint to

23  show her true name and capacity when same has been ascertained.

24    7.    Plaintiff is informed and believes and thereon alleges that Defendants

25  DOES 2 through 10, inclusive, are other parties not yet identified who have infringed

26  Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights,

27  or have engaged in one or more of the wrongful practices alleged herein. The true

28  names, whether corporate, individual, or otherwise, of Defendants 2 through 10,

1   inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants

2   by such fictitious names, and will seek leave to amend this Complaint to show their

3   true names and capacities when same have been ascertained.

4       8.    Plaintiff is informed and believes and thereon alleges that at all times

5   relevant hereto each of the Defendants was the agent, affiliate, officer, director,

6   manager, principal, alter-ego, and/or employee of the remaining Defendants and was

7   at all times acting within the scope of such agency, affiliation, alter-ego relationship

8   and/or employment; and actively participated in or subsequently ratified and/or

9   adopted each of the acts or conduct alleged, with full knowledge of all the facts and

10  circumstances, including, but not limited to, full knowledge of each violation of

11  Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

12                          **FACTUAL BACKGROUND**

13      9.    Dolls Kill is a leading global fashion retailer founded in 2011 that

14  established itself as a global brand through strong social media presence and

15  significant resources spent in developing and promoting its own original brands,

16  products and designs featured and offered through its online e-commerce platform at

17  *www.dollskill.com*, as well as Dolls Kill's own retail stores.

18      10.   Dolls Kill is renowned for blending underground lifestyle and fashion

19  including through the creation of eye-catching and colorful prints, designs and other

20  decorative elements easily identifiable by consumers who recognize and love its

21  unique work for their bold nature which distinguishes Dolls Kill from other brands

22  operating within the same industry.

23      11.   Through the creation and distribution of Dolls Kill's original designs and

24  products that caters to a niche audience that stands apart from traditional market

25  demographics and whose culture and interests lacked representation within the retail

26  industry, Plaintiff intends to celebrate the individuality and diversity of others and

27  empower its consumers to be who they are and have fun.

28

12.   On information and belief, it is alleged that DOE 1 owns and operates an online store, Immortalthredz (www.immortalthredz.com), which sells clothing, jewelry, and accessories "with a dark alternative edge" for sale directly to consumers. DOE 1's shop offers several products substantially similar or identical to several Dolls Kill products.

13.   On information and belief, it is alleged that DOE 1 copied artwork and photographs from Plaintiff and its website; targeted California consumers with its marketing and products; and placed infringing material into the chain of commerce with knowledge that they would be distributed and sold in California.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPHY

14.   Dolls Kill created and owns the original photographs of models wearing its clothing and accessories to market and sell its products on its website. These photographs are depicted in **Exhibit A** attached hereto (the "Subject Photographs").

15.    Dolls Kill is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photographs.

16.    The Subject Photographs are registered with the U.S. Copyright Office.

17.    Prior to the acts complained of herein, the Subject Photographs were published to the public and otherwise made widely available to viewers.

18.    Upon information and belief, Dolls Kill alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photographs for commercial benefit by, without limitation, reproducing the Subject Photographs online, including without limitation at website www.immortalthredz.com which is owned and operated by DOE 1. True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit A** attached hereto ("Infringing Content"). These copies and screen captures represent non-inclusive exemplars of the Infringing Content.

19.    Upon information and belief, Dolls Kill alleges that Defendants, and each of them, had access to the Subject Photographs, including through Dolls Kill's

numerous online profiles, website, advertisements, and social media accounts, and/or through viewing the Subject Photographs on third-party websites and search engines.

20.    Dolls Kill has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Photographs. The Defendants did not contact Dolls Kill and obtain a license to use the Subject Photographs before the exploitation at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

21.   Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Photographs by, without limitation, viewing the Subject Photograph or on Dolls Kill's website or social media profiles, on other sites online, in physical publications, or in Dolls Kill's numerous online profiles. Access is further evidenced by the Subject Photographs' exact reproduction in the Infringing Content.

23.   Dolls Kill alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photographs online at least on the website(s) depicted in **Exhibit A** hereto.

24.   Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photographs and publishing same to the public for commercial benefit.

25.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

26.    Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photographs. As

such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photographs in an amount to be established at trial.

27.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a.     That Defendants—each of them—and their respective agents and servants be enjoined from reproducing, displaying, distributing, disseminating, or otherwise exploiting the Subject Photograph or otherwise violating Plaintiff's exclusive rights in the Subject Photographs;

b.     That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505;

c.     That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505;

d.     That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the above statutes;

e.     That a trust be entered over the Infringing Uses, and all profits realized through the infringement;

f.     That Plaintiff be awarded pre-judgment interest as allowed by law;

1    g.    That Plaintiff be awarded the costs of this action; and

2    h.    That Plaintiff be awarded such further legal and equitable relief as the

3          Court deems proper.

4                              **<u>JURY DEMAND</u>**

5        Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.

6    38 and the 7th Amendment to the United States Constitution.

7

8    Dated: February 9, 2024                    Respectfully submitted,

9

10                                       By:   */s/ Stephen M. Doniger*
                                               Stephen M. Doniger, Esq.
11                                             Kelsey M. Schultz, Esq.
                                               DONIGER / BURROUGHS
12                                             Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT